UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE RICHARDS,

        Petitioner,                               Case No. 1:14-cv-77

v.                                                  HON. ROBERT HOLMES BELL

KENNETH MCKEE,

        Respondent.
_____/

## MEMORANDUM OPINION AND ORDER

This is a habeas corpus petition brought by a state prisoner under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2254. On December 6, 2016, Magistrate Judge Phillip Green issued a Report and Recommendation ("R&R") recommending that the Court deny the petition as meritless. (ECF No. 34.) The matter is before the Court on Petitioner's objections to the R&R (ECF No. 36) and his motion for reconsideration for his request to appoint counsel (ECF No. 35).

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made, and may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to

enable the district court to discern those issues that are dispositive and contentious.").

Petitioner makes several objections to the R&R. First, he raises two "new issues." He argues that the Court's deferential application of the AEDPA violates the Fourteenth Amendment right to substantive due process. He also argues that the AEDPA violates his First Amendment right to petition the Court for grievances. Next, Petitioner objects to the Magistrate Judge's conclusion that his Eighth Amendment claim is without merit.

First, Petitioner's new claims raised in his objection were not raised before the Magistrate Judge, and are arguably waived on that basis. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Petitioner's failure to raise this claim before the magistrate constitutes waiver."); *see also United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (noting that although the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate); *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) (collecting cases holding that issues raised for the first time in objections to a magistrate judge's report and recommendation are deemed waived); *but see Moore v. Prevo*, 379 F. App'x 425, 428 n.6 (6th Cir. 2010) (construing presentation of new claims in objection to R&R, where R&R was sua sponte response to pro se plaintiff's complaint, as implicit request for leave to amend).

In any case, Petitioner's new claims fail on the merits. The Supreme Court has never held that a federal court's deferential application of the AEDPA directly violated a

petitioner's substantive due process or First Amendment rights. Rather, the Supreme Court has consistently applied deferential review of § 2254 petitions. *See, e.g., Harrington v. Richter*, 562 U.S. 86, 105 (2011) (noting that the AEDPA's § 2254(d) standard is "highly deferential"); *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997) (noting "§ 2254(d)'s new, highly deferential standard for evaluating state-court rulings"). Petitioner does not have an unqualified right to seek habeas review in federal court. He must satisfy all of the AEDPA's requirements, including § 2254(d)'s highly deferential standard, in addition to any requirements imposed by the Supreme Court. Therefore, even if Petitioner did not waive these claims by failing to present them to the Magistrate Judge, they are meritless, and Petitioner is not entitled to habeas relief.

Next, Petitioner objects to the Magistrate Judge's assessment of his Eighth Amendment claim. He argues that the Magistrate Judge's reliance on *United States v. Thomas*, 49 F.3d 253 (6th Cir. 1995) is misplaced because the case is 20 years old and society's concept of justice has advanced since then. Petitioner contends that the Sixth Circuit's claim that "federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life without parole" is outdated. *Id.* at 261. Yet *Thomas* is still good law. Since *Thomas*, the Supreme Court has only engaged in proportionality analysis in the context of the death penalty and life without parole. *See, e.g., Montgomery v. Louisiana*, 136 S. Ct. 718 (2016) (mandatory life without parole for juvenile homicide offenders); *Hall v. Florida*, 134 S. Ct. 1986 (2014) (death penalty for the intellectually disabled); *Kennedy v. Louisiana*, 554 U.S. 407 (2008) (death penalty); *Roper*

3

*v. Simmons*, 543 U.S. 551 (2005) (death penalty for juvenile offenders); *Atkins v. Virginia*, 536 U.S. 304 (2002) (death penalty for mentally-retarded criminals). Petitioner was not sentenced to the death penalty or life without parole, nor is he a juvenile offender. Therefore, sentence-proportionality analysis is not appropriate.

Alternatively, Petitioner argues that he was sentenced as punishment for a mental disorder. But Petitioner pleaded guilty to bank robbery; and the court sentenced Petitioner on the basis of his guilty plea, not his mental illness. *See United States v. Organek* 65 F.3d 60, 62 (6th Cir. 1995) ("[A]lthough Organek's psychiatric history was evidently a factor that the district court considered when imposing sentence, Organek was not sentenced because of his mental illness[.]"). There is nothing in the record to support Petitioner's claim that he was sentenced as punishment for his mental illness.

The R&R accurately recites the facts and correctly applies pertinent law. The Court agrees with and adopts the Magistrate Judge's analysis of Petitioner's claims. With regard to the sections of the R&R not specifically objected to, the Court has reviewed the matters and concludes that the R&R correctly analyzes the issues and makes a sound recommendation.

Further, a certificate of appealability is not granted under 28 U.S.C. § 2253(c)(2). A certificate should issue only if Petitioner has demonstrated "a substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the Court must "engage in a reasoned

assessment of each claim" to determine whether a certificate is warranted. The Court must assess each claim under the standard set forth in *Slack v. McDaniel*, 529 U.S. 473 (2000). Under *Slack,* Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of constitutional claims debatable or wrong." *Id.* at 484. For the reasons stated in the R&R and above, reasonable jurists would not conclude that this Court's assessment of Petitioner's claims is debatable or wrong. Therefore, the Court denies Petitioner a certificate of appealability.

Because the Court finds that Petitioner's claims are without merit, and denies a certificate of appealability, Petitioner's motion for reconsideration for his request to appoint counsel is moot. Further, to succeed on a motion for reconsideration, Petitioner must "not only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof." W.D. Mich. LCivR 7.4(a). "A defect is palpable if it is easily perceptible, plain, obvious, readily visible, noticeable, patent, distinct or manifest." *Witherspoon v. Howes*, No. 1:07-cv-981, 2008 WL 4155350, at *1 (W.D. Mich. Sep. 5, 2008) (citing *Compuware Corp. v. Serena Software Int'l, Inc.*, 77 F. Supp. 2d 816, 819 (E.D. Mich. 1999)). The decision to grant or deny a motion for reconsideration under this Local Rule falls within the district court's discretion. *See Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684, 691 (6th Cir. 2012). Petitioner has not shown a palpable defect in the Court's decision nor has he shown that a different disposition must result. Accordingly,

**IT IS HEREBY ORDERED** that the R&R (ECF No. 34) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's objections to the R&R (ECF No. 36) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for reconsideration of the request to appoint counsel (ECF No. 35) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.  28 U.S.C. § 2253(c).  Reasonable jurists would not disagree with the Court's conclusion that the claims are meritless.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

A judgment will enter that is consistent with this memorandum opinion and order.


Dated: January 3, 2017                                     /s/ Robert Holmes Bell
                                                           ROBERT HOLMES BELL
                                                           UNITED STATES DISTRICT JUDGE